UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 1:11-CR-00023-01** |
| **VERSUS** | **JUDGE DRELL** |
| **OSCAR STAMPER (01)** | **MAGISTRATE JUDGE PEREZ-MONTES** |

ORDER

Before the court is a motion pursuant to Fed. R. Civ. P. 60(b) filed in this case by defendant Oscar Stamper ("Defendant" or "Stamper"). (Doc. 118). Defendant pleaded guilty to a single count of receiving child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A) and, on August 13, 2012, was sentenced to 480 months incarceration and a life term of supervised release. (Doc. 60). Defendant appealed his sentence to the Fifth Circuit Court of Appeals, which affirmed the sentence by Judgment issued October 2, 2013. (Doc. 85). Defendant then filed a petition for writ of certiorari before the United States Supreme Court. That petition was denied. (Docs. 86, 87). Thereafter, Stamper filed his first habeas petition pursuant to 28 U.S.C. § 2255 (Doc. 91). In that petition, Stamper alleged the ineffectiveness of his counsel on eight separate bases at trial and sought judgment from the court vacating or setting aside its sentence in this case. (Id.) Finding that no evidentiary hearing was necessary, the court issued its ruling and judgment denying Stamper's habeas petition on July 31, 2015. (Doc. 102). Stamper's subsequent motions for reconsideration and for a certificate of appealability were also denied. (Docs. 105, 109). Defendant appealed this court's denial of habeas relief, thereafter, to the Fifth Circuit. (Doc. 111). The Fifth Circuit likewise denied the certificate of appealability based on a finding that Defendant failed to show that reasonable jurists could disagree as to the district court's assessment of Defendant's constitutional claims. (Doc. 115). After being granted a motion to compel, by which

1

he obtained a copy of his case file from prior defense counsel, Stamper filed the instant motion. We first address the issue of whether the instant motion should be treated as a second or successive petition for habeas corpus relief.

Stamper's motion presents four (4) bases for relief: (1) that his term of supervised release was imposed pursuant to 18 U.S.C. § 3853(k), found unconstitutional in U.S. v. Haymond, 139 S.Ct. 2369 (2019); (2) that his term of imprisonment exceeded the statutory maximum, violating both 18 U.S.C. § 3581 and the U.S. Supreme Court's ruling in Apprendi v. New Jersey, 530 U.S. 466 (2000); (3) that he was not permitted to object to information in the PSR that may have led the court to "infer" that Stamper was engaging in unlawful conduct while on pretrial release; and (4) that the sentence imposed violates Stamper's First, Fifth, Sixth, Eighth and Fourteenth Amendment rights. (Doc. 118).

Federal review of habeas petitions filed by prisoners in federal custody is governed by 28 U.S.C. § 2255, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). AEDPA restricts the circumstances under which a federal prisoner may file a second or successive habeas petition. In re Robinson, 917 F.3d 856, 861 (5th Cir. 2019) (internal citations omitted). A federal district court lacks jurisdiction to hear claims raised in a successive habeas petition without prior authorization from a federal appellate court. 28 U.S.C. § 2244(b)(3)(A); Leal Garcia v. Quarterman, 573 F.3d 214, 219 (5th Cir. 2009).

A motion filed under Rule 60(b) should be evaluated as a second or successive habeas petition when it raises additional claims not included in the first petition, as opposed to merely raising procedural deficiencies of the prior habeas proceeding. Gonzales v. Crosby, 545 U.S. 524 (2005).

Review of the instant motion leads us to conclude that it should be treated as a second or successive habeas petition. Stamper's initial petition was filed in 2014. Clearly, Defendant's argument regarding application of Haymond to his sentence would not have been possible at that time. Stamper's argument regarding his opportunity to object to the contents of the PSR was also not included in his prior petition. (See, Docs. 91, 92). As to Stamper's third claim, we find that only a portion of this claim may fairly be said to have been included in his first habeas petition. Stamper's initial petition does claim that his conviction violates both his Fifth and Sixth Amendment rights. (See, Doc. 92). Claims based on Stamper's First, Eighth and Fourteenth Amendment rights are not included in this first petition, however. Moreover, as to the previously stated Fifth and Sixth Amendment claims, at least a portion of these were framed as ineffective assistance of counsel claims, while Stamper's instant motion makes no reference to counsel, framing these new claims as sentencing errors for which the court is responsible. (Doc. 118).

In conclusion, the court is convinced that, out of an abundance of caution, the motion in its entirety should be deemed a second or successive habeas petition and, accordingly, TRANSFERRED to the United States Fifth Circuit Court of Appeals for consideration and authorization, if appropriate, pursuant to 28 U.S.C. § 2244(b)(3)(A). Given our analysis, it is SO ORDERED.

THUS DONE AND SIGNED at Alexandria, Louisiana this 15TH day of July, 2020.

DEE D. DRELL, JUDGE
UNITED STATES DISTRICT COURT